IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OSCAR JOSELITO JUMBO-MONCADA,

    Petitioner,

v.                                    No. 1:26-cv-02261-KG-DLM

GEORGE DEDOS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Oscar Joselito Jumbo-Moncada's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner, a native and citizen of Ecuador, entered the United States in 2022 without parole or inspection. Doc. 6 at 2. He was served a Notice to Appear. Doc. 1 at 4. He has applied for asylum—that application remains pending. *Id.* at 5. He has no criminal history. *Id.*

On April 24, 2026, local law enforcement encountered Petitioner during a vehicle stop in Albany, New York. *Id.* Petitioner was transferred to immigration custody and remains at Torrance County Detention Center in New Mexico. *Id.*

On July 7, 2026, an immigration judge provided Petitioner a custody determination hearing and denied bond, finding that Petitioner is a "flight risk" due to his "manner of entry, lack of cooperation with the immigration courts by failing to attend court hearings, speculative form of relief...and lack of viable sponsor...and fixed address." Doc. 6-8 at 1.

Petitioner now argues that his continued detention without access to a meaningful, individualized custody re-determination hearing violates the Due Process Clause of the Fifth

1

Amendment and the Immigration and Nationality Act ("INA").  Doc. 1 at 7–9.  The Government

opposes the Petition.  *See generally* Doc. 6.

**II.      Standard of Review**

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes

depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v.

Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for

admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be

admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De

Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a)

authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens

"pending a decision on whether [they are] to be removed."  Noncitizens detained under this

second detention regime are "entitled to individualized bond hearings at the outset of detention."

*Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

**III.     Analysis**

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the

United States for years and was not arrested at a port of entry or near the border.  He therefore

was not seeking admission at the time of his arrest.  *Santillan Quiroz v. Mullin*, No. 26-6019,

2026 WL 1876709 (10th Cir. June 30, 2026).  Therefore, his detention is properly governed

under § 1226.

The Court nonetheless declines to grant relief because Petitioner received the bond hearing to which he was entitled.  At a hearing on or about July 7, 2026, an immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk.  Doc. 6-8 at 1.  That finding, standing alone, satisfies the requirements of § 1226.  Petitioner may challenge the immigration judge's determination with the Board of Immigration Appeals.

## IV.    Conclusion

For the reasons above, Court denies the Petition, Doc. 1.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.